IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH OTTIS, as Assignee of the Claims of Globie International, LLC, and GLOBIE INTERNATIONAL, LLC, through Joseph Ottis, Assignee,<br><br>    Plaintiffs,<br><br>v.<br><br>FISCHER PRICE, a Division of Mattel INC., MATTEL, INC., MATTEL SALES, CORP., MOTO CONCEPTS, INC., and BOB ROSSI, an Individual,<br><br>    Defendants. | 8:07CV379<br><br>ORDER |

  This matter is before the court on the following pro se pleadings: Jonathan Lee Riches's pleading entitled "Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P. 24(A)2, 24(B), Motion to Amend Complaint," Filing No. 46, and Riches's "Notice of Appeal," Filing No. 50. This is an action for copyright infringement and breach of contract in connection with the alleged appropriation by defendants of characters or materials allegedly created and copyrighted by the plaintiff.

  In a previous order, this court dismissed defendants Dwayne "the Rock" Johnson and The Rock Foundation for lack of minimum contacts with Nebraska sufficient to sustain this court's personal jurisdiction. In seeking to intervene, Riches contends that he has new information and can prove that "the Rock" has ties in Nebraska. No party has responded to the motion.

  Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion if: (1) he has a cognizable interest in the subject matter of the litigation,

(2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation. *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 484 F.3d 1006, 1008 (8th Cir. 2007); Fed. R. Civ. P. 24(a)(2). Permissive intervention is allowed if a person has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24 (b)(1)(B).  Riches has not shown that there is any basis for his intervention.  Accordingly, his motion to intervene will be denied.

Because Riches's motion had not been ruled on at the time his purported "Notice of Appeal" was filed, the Notice of Appeal is premature.

Accordingly,

IT IS ORDERED:

1. Jonathan Lee Riches's "Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P.  24(A)2, 24(B), Motion to Amend Complaint" is denied;

2. Jonathan Lee Riches's Notice of Appeal is denied as premature;

3. The Clerk's Office is directed to mail a copy of this order to Jonathan Lee Riches's at his last address of record.

DATED this 12th day of September, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge